## HAYS v. TRYON.

### April 24, 1838.

*Exceptions to Auditor's Report.*

1. Where a mechanic had filed a claim under the acts of March 17th, 1806, and March 28th, 1808, relating to mechanic's liens, misnaming the owner of the building, and a sale took place within two years from its commencement, it was held that the claimant was entitled to be paid out of the fund, notwithstanding the irregularity in the filing of the claim.

2. A judgment by default for want of an appearance, where a *narr.* and statement of the plaintiff's claim is filed, although no damages have been assessed, is a lien on the property of the defendant, and is entitled to be paid out of the fund.

IN this case, a *venditioni exponas* had issued to June term, 1837, No. 45, on a mechanic's claim, on which judgment had been rendered on a *scire facias*, against the defendant, under the acts relating to mechanics liens, prior to that of the 16th of June, 1836. The property was sold by the sheriff, who paid the money into court. There was an auditor appointed to distribute the fund in court, arising out of the sale of this property, among the creditors; and in pursuance of this duty, he decided in favour of certain claims, to the allowance of which, one of the creditors, viz.: Isaac Wilson, presented exceptions.

The claims excepted to, with such extracts from the auditor's report, as appear necessary to a proper understanding of the nature of the exceptions, are as follows:—

The property sold, consisted of three pieces, designated by the auditor, as Nos. 1, 2, & 3.

FIRST.—He excepted to the allowance by the auditor, of the claim of Powell Carpenter.

### Extract from Auditor's Report.

" Powell Carpenter's claim, a lien creditor.

| | |
|---|---|
| For bricks furnished to Nos. 2 and 3, amount proved, | $326 35 |
| Interest from September 30th, 1836,   -   -   - | 16 73 |
| | $343 08 |

[Hays v. Tryon.]

" The bricks were furnished about the 24th of August, 1836. A lien was filed for this claim on the 6th of March, 1837, against *George Tryon*, but the searches made for the auditor did not exhibit the lien, and he did not consider such filing to have been a sufficient compliance with the law.

"This court, however, having expressed an opinion that the act of assembly of the 16th of June, 1836, does not embrace a case like this, and as the houses, against which this claim was made, were sold by the sheriff within two years from the time of the commencement of the said houses, the auditor reports in favour of the claim of Powell Carpenter."

SECOND.—He excepted to the allowance by the auditor of Thomas R. Sager's claim.

*Extract from Auditor's Report.*

" Thomas R. Sager's claim, a judgment creditor.

| | |
|---|---:|
| Amount of claim - - - - - - | $412 48 |
| Payment on account, allowed by auditor, being more than those admitted by claimant, - - - | 237 29 |
| | 175 19 |
| Interest from May 13th, 1837, - - - - | 7 88 |
| | $183 07 |

" This amount the auditor reports to be due to the claimant out of the fund in court.

"The judgment in this case was taken by default for want of an appearance, and the damages have never been assessed. But a narr. and copy of the promissory note upon which the suit was in part brought, and statement of balance, claimed on book account, were filed. It was objected to this claim that the book account could not be introduced into the claimant's demand, because the book account was due to the firm of Thomas R. Sager & Co., of which Jacob Snare was a partner. The auditor reports this fact to have been established before him, though a great deal of testimony was offered, on both sides, in relation to this question. The objection has not appeared to the auditor to be a valid one, after the judgment by default, (1 *Strange R.* 612,) and he has accordingly reported in favour of the claim."

18*

[Hays v. Tryon.]

THIRD.—He excepted to the allowance by the auditor of the claim of Hugh Smith & Co.

*Extract from Auditor's Report.*

" Hugh Smith and Company's claim, judgment creditors.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Debt, | - | - | - | - | - | - | $187 67 |
| Interest, | - | - | - | - | - | - | 3 40 |

$191 07

" The damages on the judgment of these claimants have likewise never been assessed.

" A serious question is presented in regard to the last mentioned claims. Whether judgment by default in actions of assumpsit, are liens upon the real estate of the defendant, until after the assessments of damages. As this point was not raised before the auditor, he has not thought it would be proper for him to report upon the question, and he has accordingly not done it, but he reports an alternative table of distribution."

FOURTH.—He excepted to the allowance by the auditor of the claim of Kochersperger & Armitage.

*Extract from Auditor's Report.*

" Kochersperger & Armitage's claim, lien creditors.

| | | | | | |
|---|---|---|---|---|---|
| For smith's work furnished to Nos. 2 & 3, amount proved, | - | - | - | - | - $144 10 |
| Add costs of filing claim, | - | - | - | - | 1 00 |

$145 10

| | | | |
|---|---|---|---|
| Claim on property No. 2, | - | - | $88 70 |
| Claim on property No. 2, | - | - | 55 40 |

*Supplemental report of Auditor, being an extract from the testimony before him.*

" Mason Matlack sworn,—

" The articles charged in the bill of Kochersperger & Armitage were furnished for the premises Nos. 2 and 3. Before any articles were furnished by Kochersperger & Armitage, Tryon, the defendant, contracted with them to furnish the articles for

[Hays v. Tryon.]

the buildings, and they were furnished agreeably to this agreement. The articles were delivered at the buildings."

FIFTH.—He excepts to the allowance by auditor of the amount of mortgage held by John M'Curdy, a mortgage creditor. By mortgage on property No. 1, for one thousand dollars, dated January 29th, 1835, and recorded January 30th, 1835.

| | |
|---|---:|
| Principal, - - - - - - - | $1,000 00 |
| Interest from November 6, 1836, - - - | 45 00 |
| | $1,045 00 |

### *Extract from Auditor's Report.*

" Property No. 1 was subject to a mortgage to John M'Curdy for one thousand dollars, recorded the 30th January, 1835, prior to any other lien, and of course the lien of the mortgage was not devested by the sheriff's sale, under the writ in this case. Though it seems to have been the intention of the mortgagee, defendant, plaintiffs, and some of the other parties interested, that the sale should have devested the lien; and the purchaser of No. 1 bought the property under the impression that it was sold free from all incumbrances, and bid for it a much higher price than it would otherwise have brought, yet as this intention appeared neither in the levy, advertisement, conditions of sale, nor the deed, the auditor was of opinion, that he could not allow the mortgagee payment out of the fund in the court, and to meet this objection, a paper was presented to the auditor, which is hereto annexed, and (marked) signed by

JOSEPH HENDERSON, a judgment creditor;

WILLIAM HAYS, the plaintiff, by his attorney, *J. H. Campbell;*

GEORGE H. BURGIN, a judgment creditor;

HUGH SMITH, & Co., judgment creditors, by their attorney, *James R. Wilson;*

MARY RANDOLPH, a judgment creditor, by her attorney, *J. R. Tyson :* and by *J. H. Campbell,* for the defendant;

By which it was agreed, " that the auditor should deduct from this fund the amount of a mortgage, held by John M'Curdy against the defendant for one thousand dollars, dated the 29th January, 1835, in the same manner as if it had appeared in the levy, advertisement, and condition of sale, and in the deed, that the property sold under the above writ was sold free from all

[Hays v. Tryon.]

incumbrances. Whereupon the auditor allowed this mortgage to be deducted from the fund in court."

*Zantzinger* and *F. W. Hubbell,* for the exceptions.
*Naylor,* contra.

Per Curiam.—1. In regard to the subject matter of the exception in relation to Powell Carpenter's claim, the act relating to mechanics' liens, prior to that of the 16th June, 1836 apply, he having supplied materials before that act went into effect, which was in September, 1836. The claim filed against *George* Tryon, when the real owner was Jacob A. Tryon, was erroneous, and if the claim in this instance depended on the *filing* within the six months, &c., the claimant would not be entitled to any portion of this fund. But the act of 17th March, 1806 prescribed that if the property were sold by the sheriff, within two years from the commencement of the building, any claimant might come in upon the fund, although he had not filed his claim in the office within the six months. The property, in this case, was sold within that period, and the irregularity of the claimant in filing his claim of record, does not prevent his making out his just claim for materials furnished in the erection of the building, &c. against the fund, upon the principles stated. The claim of Carpenter must therefore be allowed.

2. The objection to the claim of Thomas R. Sagers is, that his judgment was not a lien, because it was by default for want of an appearance, and no damages had been assessed, although a statement of the plaintiff's claim was filed in the suit. This is said to be an *interlocutory* and not a *final* judgment. We think otherwise; see Com. *v.* Baldwin, 1 *Watts* 54, and McClung *v.* Murphy, decided in this court.[a]

This exception is therefore not sustained, and this decision disposes of the *third* exception.

4. The point of the fourth exception is removed by the supplemental report of the auditor.

5. We are not called upon to decide whether a sale on a mechanic's claim and on a *venditioni exponas* under the acts of 1806 and 1808 would divest the lien of a mortgage given prior to

[a] *Ante,* p. 177.

[Hays v. Tryon.]

the commencement of the building by operation of the act of 6th April, 1830. Here the parties agree that the mortgage of John M'Curdy shall be paid out of the fund.

Report confirmed.